

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD
F.#2010R00014

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 21, 2011

By Federal Express
Corporal Patrick McDevitt
Nassau County Correctional Center
100 Carman Avenue
East Meadow, New York 11554
Telephone No.: 516-572-3536

Warden William Zerillo
Queens Private Correctional Facility
182-22 150th Avenue
Jamaica, New York 11413-4009
Telephone No.: 718-553-5420

      Re:  United States v. Prado et al.
           Criminal Docket No. 10-074 (S-3)(JFB)

Dear Corporal McDevitt and Warden Zerillo:

      Please find enclosed herewith a supplemental, Rule 16 discovery letter, a copy of which is attached hereto as Exhibit 1, and eighteen disks with additional discovery materials in connection with the above-referenced matter. As previously discussed, United States District Judge Joseph F. Bianco has directed the government to provide copies of all Rule 16 discovery materials in connection with this case to the Nassau County Correctional Center ("NCCC") and the Queens Private Correctional Facility ("QPCF") and to ensure that they are made available to the defendants listed on Exhibit 2, who are housed at the NCCC and QPCF. As set forth in the enclosed discovery letter, several of the enclosed discovery items are subject to a Protective Order signed by Judge Bianco, a copy of which is attached to the discovery letter. Further, the government is aware of the Nassau County Sheriff's Department's Guidelines regarding discovery materials, which are attached hereto as Exhibit 3 and incorporated by reference.

   Finally, during a March 21, 2011 status conference, in response to an application from defense counsel, Judge Bianco directed the government to request that the NCCC and QPCF ensure that the above-referenced defendants are provided at least one hour per week to review the applicable discovery materials.

   If you have any questions, please do not hesitate to contact me at the number below.

                Very truly yours,

                LORETTA E. LYNCH
                United States Attorney

          By: _____
            John J. Durham
            Assistant U.S. Attorney
            (631) 715-7851

Exhibits 1-2


Enclosures, 18 Disks


cc: Clerk of the Court (JFB)(By ECF w/o enclosures)
   All Counsel of Record (By ECF w/o enclosures)

## EXHIBIT 1

(March 18, 2011 Discovery Letter)



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD
F.#2010R00014

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 18, 2011

By ECF and Regular Mail

ATTACHED DISTRIBUTION LIST

    Re:  United States v. Prado et al.
          Criminal Docket No. 10-074 (S-3)(JFB)

Dear Counsel:

       Pursuant to our on-going discovery obligations under Rule 16, the government has sent the items listed below to First Choice Copy for duplication. The items were sent by Federal Express today and should be available for order early next week. If you would like to order copies of these disks, please contact Joseph Misner at First Choice Copy at (718) 381-1480.

       Additionally, pursuant United States District Judge Joseph F. Bianco's prior order, the government will send a copy of this letter and one set of the attached materials to both the Nassau County Correctional Center and the Queens Private Correctional Facility.

       Finally, please be advised that, as noted below, several of these Rule 16 items are subject to the Protective Order signed by Judge Bianco on September 20, 2010, a copy of which is attached hereto.

    1.    Three DVDs with audio recordings of conversations involving, among others, Mario Alphonso Herrara-Umanzor ("Disk-24A, "Disk-24B" and "Disk-24C," respectively).[1] **SUBJECT TO PROTECTIVE ORDER.**

---

   [1]  Disks 24A-C contain the same recordings that were included on Disk-24, which was provided to defense counsel with a September 23, 2010 discovery letter. However, the government was informed by counsel for one of the defendants that several of the recordings were inaccessible.

2. A DVD with crime scene photographs from the May 26, 2009 Dexter Acheampong murder ("Disk-28");

3. A DVD with a video recording of the Acheampong crime scene ("Disk-29");

4. A DVD with audio recordings of 911 calls in connection with the Acheampong murder ("Disk-30");

5. A DVD with crime scene photographs from the May 5, 2008 Santos Castillo-Martinez murder ("Disk-31");

6. A DVD with crime scene photographs from the October 22, 2009 Jairo Vasquez murder ("Disk-32");

7. A DVD with crime scene photographs from the December 12, 2009 Erick Avalos murder ("Disk-33");

8. Two DVDs with surveillance video footage/images in connection with the Avalos murder ("Disk-34" and "Disk-35");

9. A DVD with crime scene photographs from the February 5, 2010 Vanessa Argueta and Diego Torres murders ("Disk-36");

10. Two DVDs with (a) an audio/video recording, and (b) video (only) recording of a December 6, 2010 meeting between Francisco Ramos and an undercover law enforcement officer at the Nassau County Correctional Center ("Disk-37" and "Disk-38") **SUBJECT TO PROTECTIVE ORDER**;

11. A CD with audio recordings of conversations involving, among others, Francisco Ramos ("Disk-25") **SUBJECT TO PROTECTIVE ORDER**;

12. A CD with recordings of 911 calls in connection with the November 21, 2009 assaults at El Cibao bar in Freeport, New York ("Disk-40");

13. A DVD with telephone records, including recorded telephone calls, from the Nassau County Correctional Center for Elenilson Ortiz ("Disk-41"); and

14. A DVD with scanned copies of the following documents, several of which have been redacted: (a) an autopsy report, toxicology report and autopsy photographs for David Sandler; (b) an autopsy report, toxicology report

and autopsy photographs for Dexter Acheampong; (c) photographs of MS-13 graffiti and tattoos; (d) photographs of weapons and paraphernalia recovered from MS-13 members and associates; (e) Nassau County Police Department scene examination reports regarding the Santos Castillo-Martinez, Jairo Vasquez and Erick Avalos murders; (f) Suffolk County Police Department evidence submission reports and property invoices relating to the Acheampong and Sandler murders; (g) a photograph of writing on the wall of Wilber Ayala-Ardon's jail cell; and (h) copies of medical records relating to John Doe #6 (as defined in the Third Superseding Indictment)("Disk-42").

The government is in possession of the physical items referenced in the above-referenced property invoice forms. Additionally, the government is in possession of prison-shanks seized from Francisco Ramos, Cesar Landaverde and Adalberto Ariel Guzman. You may contact me to specify the items you would like to inspect and/or photograph and we will arrange a mutually convenient time to do so.

The government renews its request for reciprocal discovery.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: _____
John J. Durham
Assistant U.S. Attorney
(631) 715-7851

Attachments

cc: Clerk of the Court (JFB) (By ECF)

## Distribution List

Scott Fenstermaker, Esq.
300 Park Avenue, 17th Floor
New York, New York 10022

Robert P. LaRusso, Esq.
LaRusso & Conway, LLP
300 Old Country Rd., Suite 341
Mineola, New York 11501

Lloyd J. Nadel, Esq.
170 Old Country Road
Mineola, New York 11501

William D. Wexler, Esq.
816 Deer Park Avenue
North Babylon, New York 11703

Lucas E. Andino, Esq.
445 Park Avenue, 9th Floor
New York, New York 10022

Joseph F. Kilada, Esq.
666 Old Country Road
Suite 600
Garden City, New York 11530

Gary S. Villanueva, Esq.
11 Park Place, Suite 1601
New York, New York 10007-2801

Elizabeth E. Macedonio, Esq.
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Kelley J. Sharkey, Esq.
26 Court Street, Suite 1016
Brooklyn, New York 11242

Louis M. Freeman, Esq.
Freeman Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007

Martin G. Goldberg, Esq.
672 Dogwood Avenue, Suite 183
Franklin Square, New York 11010

John Burke, Esq.
26 Court Street, Suite 1242
Brooklyn, New York 11242

Robert Moore, Esq.
Quesada & Moore, LLP
128 Avon Place
West Hempstead, NY 11552

Anthony Senft, Esq.
21 Carleton Avenue
East Islip, NY 11730

Glenn A. Obedin, Esq.
Efman & Obedin
320 Carleton Avenue, Suite 4200
Central Islip, New York 11722

Francis Murphy, Esq.
32 Bohack Court
Sayville, NY 11782

Edward P. Jenks, Esq.
332 Willis Avenue
Mineola, New York 11501

Sally J. M. Butler, Esq.
42-40 Bell Boulevard
Bayside, New York 11361

Colleen Quinn Brady, Esq.
99 Hudson Street, 8th Floor
New York, New York 10013

Anthony L. Ricco, Esq.
20 Vesey Street, Suite 400
New York, New York 10007

Kevin J. Keating, Esq.
666 Old Country Road
Garden City, New York 11530

John F. Carman, Esq.
666 Old Country Road
Suite 501
Garden City, New York 11530

Terrence Buckley, Esq.
356 Veterans Memorial Highway, Suite 8N
Commack, NY 11725

Richard Lind, Esq.
745 Fifth Avenue, Suite 902
New York, New York 10151

Jeffrey Pittell, Esq.
299 East Shore Road
Great Neck, NY 11023

Robert Soloway, Esq.
Rothman, Schneider, Soloway & Stern
100 Lafayette Street, Suite 501
New York, New York 10013

David Stern, Esq.
Rothman, Schneider, Soloway & Stern
100 Lafayette Street, Suite 501
New York, New York 10013

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway
New York, New York 10007

Jean D. Barrett, Esq.
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042

Joshua L. Dratel, Esq.
Law Offices of Joshua L. Dratel
2 Wall Street, 3rd Floor
New York, New York 10005

Sanford Talkin, Esq.
Talkin, Muccigrosso & Roberts
40 Exchange Place, 18th Floor
New York, New York 10005-2701

Anthony La Pinta, Esq.
35 Arkay Drive
Suite 200
Hauppauge, New York 11788

Toni Marie Angeli, Esq.
666 Old Country Road, Suite 600
Garden City, New York 11530

Russell Neufeld, Esq.
99 Hudson Street, 8th Floor
New York, New York 10013

Avraham Moskowitz, Esq.
Moskowitz, Book & Walsh LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001

Steve Zissou, Esq.
42-40 Bell Boulevard
Bayside, New York 11361

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           O R D E R

   - against -                     Cr. No. 10-CR-074 (S-2)(JFB)

PRADO et al.,

               Defendants.

- - - - - - - - - - - - - - - - X

        Upon the application of LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, by Assistant United States Attorney JOHN J. DURHAM, it is hereby:

        **ORDERED** that counsel for the defendants, or anyone acting under the direction of defense counsel, may not reproduce, distribute or otherwise disseminate the materials provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure in connection with the above-referenced matter that disclose the identity of confidential informants or cooperating defendants (the "Rule 16 Materials"), including without limitation audio and video recordings.  When disclosed by the government to defense counsel, the Rule 16 Materials, which are subject to this Order, will be marked or noted as "Subject to Protective Order";

        **ORDERED** that the defendants not be permitted to bring the Rule 16 materials, or copies thereof, back to the institutions where they are incarcerated, except the defendants may review the Rule 16 Materials provided to those institutions

by the government, at the direction of the Court, in the areas designated by the institutions, but in no event shall the defendants be permitted to remove the Rule 16 Materials from the designated areas or retain copies of those materials; and

**ORDERED** that nothing in this Order shall prohibit: (a) defense counsel from reproducing and sharing the Rule 16 Materials with others acting under the direction of defense counsel; or (b) defense counsel, or others acting under the direction of defense counsel, from displaying or discussing the content of such Rule 16 Materials with other persons; provided however, that the restrictions set forth in this Order shall apply to those individuals acting under the direction of defense counsel.

Dated:  Central Islip, New York
        September 30, 2010

```
                              THE HONORABLE JOSEPH F. BIANCO
                              UNITED STATES DISTRICT JUDGE
                              EASTERN DISTRICT OF NEW YORK
```

<u>EXHIBIT 2</u>

(List of Defendants)

GIOVANNI PRADO
ERICK ALVARADO
ELENILSON ORTIZ
EFRAIN ZUNIGA
YONIS ACOSTA-YANES
DIEGO NINOS
EMILIO SABALLOS
WALTER FLORES-REYES
DAVID VALLE
LOUIS RUIZ
FRANCISCO RAMOS
CESAR LANDAVERDE
HERIBERTO MARTINEZ
VIDAL ESPINAL
ROGER ALVARADO
CARLOS MARTINEZ
JOSE GUSTAVO ORELLANA-TORRES
MARIO ALPHONSO HERRERA-UMANZOR
JIMMY SOSA
JEREMIAS EXEQUIEL AMAYA
WILBER AYALA-ARDON
FRANKLIN VILLATORO
YOBANY CALDERON
ADALBERTO ARIEL GUZMAN
RENE MENDEZ MEJIA

<u>EXHIBIT 3</u>

T... R. SUOZZI
COUNTY EXECUTIVE



EDWARD REILLY
SHERIFF

**SHERIFF'S DEPARTMENT**
**NASSAU COUNTY CORRECTIONAL CENTER**
100 CARMAN AVENUE
EAST MEADOW, NY 11554

# DISCOVERY MATERIALS via ELECTRONIC MEDIA GUIDELINES

The following procedures must be followed for the acceptance of discovery materials via electronic media by the Nassau County Sheriff's Department:

1. The materials submitted to the Correction Center must come directly from the inmate's criminal attorney of record to the Sheriff's Department/Correctional Center Inmate Law Library either via parcel or by hand delivery.

2. The materials must be accompanied by an original writing from the attorney setting forth in sufficient detail the type and quantity of the materials being submitted, and the attorney must affirmatively state that the review of such materials by the subject inmate is necessary to the pending criminal proceedings.

3. The attorney must affirmatively state that the materials are not covered by any attorney-client privilege and the materials are subject to inspection by security staff at any time.

4. The attorney must affirmatively acknowledge that the materials will be maintained by the Sheriff's Department/Correctional Center at all times and the subject inmate will be provided with opportunities to view such materials at times not unduly disruptive to the daily operations of the facility.

5. The attorney must provide for a means or method by which the Sheriff's Department/Correctional Center can return the materials at the completion of the review by the subject inmate at no cost to the facility.

06-23-05